UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INLAND WATERS POLLUTION
CONTROL, INC., INLAND MANAGEMENT,          Case No. 12-10434
INC., AND INLAND PIPE
REHABILITATION, LLC.,,                      Honorable Nancy G. Edmunds

      Plaintiffs,

v.

CITY OF DETROIT,

      Defendant.

_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION [3]**

Plaintiffs' complaint was filed on February 2, 2012 against the City of Detroit acting through the Detroit Water and Sewerage Department ("Water Department"), and seeks declaratory and injunctive relief against the Water Department.  Plaintiffs' complaint asserts:  (1) a civil rights claim, under 42 U.S.C. § 1983, alleging that Defendant violated Plaintiffs' liberty interests, First Amendment free speech, Fourteenth Amendment procedural due process, and "other rights;" (2) violation of Detroit's City Charter; and (3) violation of Michigan's Open Meetings Act, Mich. Comp. Laws § 15.261, *et seq.*  This matter is now before the Court on Plaintiffs' motion for a temporary restraining order and preliminary injunction [3].  Plaintiffs' motion seeks an order from this Court that:  (1) enjoins the Board of Water Commissioners (the "Board") from implementing The Detroit Water and Sewage Department Suspension and Debarment Policy (the "Policy"); (2) invalidates the

Policy for failing to adhere to Section 2-111 of the Detroit Charter and the Open Meetings Act; (3) preliminarily and permanently enjoins the Board from noncompliance with the Detroit Charter and the Open Meetings Act; and (4) invalidates decisions made at the January 25, 2012 Board meeting relative to the Policy, including any decision to propose suspension and/or debarment of Plaintiffs.  For the reasons stated on the record at the February 8, 2012 hearing on this matter and below, Plaintiffs' motion for a temporary restraining order and preliminary injunction is DENIED.

The availability of injunctive relief is a procedural question that is governed by federal law.  *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98 (6th Cir. 1991).  The Court must consider the following four factors in deciding whether to issue a temporary restraining order or preliminary injunction:

1) whether the plaintiff has shown a strong or substantial likelihood of success on the merits;
2) whether the plaintiff has shown irreparable injury;
3) whether the issuance of a preliminary injunction would cause substantial harm to others; and
4) whether the public interest would be served by issuing a preliminary injunction.

*Parker v. U.S. Dep't of Agric.*, 879 F.2d 1362, 1367 (6th Cir. 1989).

A plaintiff must always show irreparable harm before a preliminary injunction may issue.  *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982). "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."  *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (internal quotation marks and citation omitted).  Monetary damages, however substantial, do not constitute irreparable harm.  *Id.* at 90.  "A finding of irreparable harm is 'the single most important prerequisite that the Court must examine when ruling upon a motion for a

2

preliminary injunction.'" *Wells Fargo & Co. v. WhenU.com, Inc.*, 293 F. Supp. 2d 734, 771 (E.D. Mich. 2003) (quoting *MetroBanc v. Fed. Home Loan Bank Bd.*, 666 F. Supp. 981, 984 (E.D. Mich. 1987).

In addition to arguments that they are likely to succeed on the merits, Plaintiffs argue that a hearing, now scheduled for March 7, 2012, where Defendant will review Plaintiffs' status as a "responsible vendor," will irreparably harm them and violate their constitutional rights if allowed to go forward because Defendant failed to provide them with sufficient notice and has predetermined that Plaintiffs should be debarred from bidding on future contracts. If debarred, Plaintiffs' argue, their reputation will be harmed, all future municipal work will be jeopardized, and they will suffer financial ruin. Defendant responds that Plaintiffs cannot establish irreparable harm because the results of that March 7, 2012 hearing may be debarment or suspension for a time or no debarment or suspension at all and thus, at this point, Plaintiffs' request for injunctive relief is premature as it has not yet exhausted its administrative remedies. Defendant further asserts that Plaintiffs received sufficient notice of the March 7, 2012 hearing and its subject matter. This Court agrees with Defendant.

Plaintiffs have not shown that they will suffer irreparable harm at this point in time on the facts presently before the Court. Defense counsel assured the Court that Plaintiffs' existing contracts with the City are not at issue at this time. Thus, Plaintiffs' only alleged harm is that they may not be awarded future contracts. Because the result of the March 7, 2012 hearing is unknown, Plaintiffs' request for injunctive relief is premature. Moreover, even if, at some point in the future, Plaintiffs are precluded from bidding on Detroit Water and Sewage contracts, their potential remedy is money damages.

3

The Court acknowledges that, under some circumstances, injunctive relief is warranted when a constitutional violation of due process rights is asserted. Here, however, Plaintiffs do not deny that they received notice of the March 7, 2012 hearing where their status as "responsible vendor" will be considered. Rather, they argue that the notice failed to sufficiently inform them about the subject matter of that hearing. This Court finds that argument unpersuasive. As Plaintiffs' counsel acknowledged at the motion hearing, Plaintiffs cooperated with the FBI and the government in connection with the *Kilpatrick* indictment and thus have knowledge of the underlying facts to be addressed at Defendant's March 7, 2012 hearing.

For the reasons stated above and on the record at the February 8, 2012 hearing, Plaintiffs' motion for a temporary restraining order and preliminary injunction is DENIED.

SO ORDERED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 8, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 8, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

4